OLIVIER A. TAILLIEU (SBN 206546)
 o@taillieulaw.com
**THE TAILLIEU LAW FIRM**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 300-8444
Facsimile: (310) 300-8445

Attorney for Plaintiff RETAIL DIGITAL NETWORK, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RETAIL DIGITAL NETWORK, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JACOB APPELSMITH, as Director of the Alcoholic Beverage Control Board and DOES 1-10, Inclusive, <br><br> Defendants. | CASE NO. CV11-09065-CBM (PJWx) <br><br> Assigned to the Hon. Consuelo B. Marshall <br><br> **PROTECTIVE ORDER RE TREATMENT OF CONFIDENTIAL INFORMATION** |

## **STIPULATION FOR PROTECTIVE ORDERS.**

IT IS HEREBY STIPULATED AND AGREED by and between Defendant Jacob Applesmith, Director of the California Department of Alcoholic Beverage Control, and Plaintiff, Retail Digital Network ("Plaintiff"), the Parties to this action, through their respective counsel, that this Stipulated Protective Order be entered by the Court pursuant to this courts Guidelines and Rules 26(c) and 29(2) of the Federal Rules of Civil Procedure to protect certain confidential information that may be produced during discovery and trial in this action. As between the Parties to this Stipulation, they agree to be bound by its terms as of the time that the Stipulation is executed by counsel.

///

///

1. **Definitions**

    a.   "Confidential Information" shall mean any document, testimony or similar information which includes proprietary technical information and specifications, trade secrets (as defined by Cal. Civil Code Section 3426.1 incorporated herein by reference) confidential know-how, proprietary business and financial information, customer financial / identity information and any other information the disclosure of which is likely to cause harm to the competitive position of the person, partnership, corporation, or other organization from which the information is obtained, including without limitation, customer and potential customers, business processes and procedures, product development, marketing and business strategies, finances, and business plans.

    b.   "Attorney's Eyes Only Information" shall mean Confidential Information, as defined in section 1(a) above, containing confidential employee information, customer confidential information and/or information which if disclosed to the opposing party may provide that party with an unfair competitive advantage with respect to the other parties goods and/or services.

2. **Confidential information**

    a.   Confidential Information shall be disclosed only to:

        (1)   the law firms or governmental law department identified below (including the authorized secretarial, and legal assistant staffs of such law firms);

        (2)   such other persons (including without limitation, local counsel, jury or trial consultants, experts and their staffs, investigators, and court reporters) who are reasonably necessary to assist the law firms

identified below in preparation for or trial of this action; and

   (3) in-house counsel or designated individual from each party as identified below, except as may be otherwise provided by this Stipulation and Order.

 b. Disclosure to anyone other than those identified under this section 2 shall be governed by the provisions under section 10 herein.

 c. The Confidential Information shall be used solely for purposes of prosecuting or defending this action and for no other purpose, and shall not be used for any business or competitive purpose.

 d. Attorneys for the parties shall exercise reasonable care to insure that when Confidential Information is used for the purposes permitted in this Order, the circumstances of such use do not reveal the content of the Confidential Information to any unauthorized person.

 e. Identified Law Firms:

   (1) For Plaintiff:

    Olivier Taillieu, Esq.
    The Taillieu Law Firm
    9595 Wilshire Boulevard, Ninth Floor
    Beverly Hills, CA 90212

   (2) For Defendant:

    Gabrielle Brumbach, Esq.
    Deputy Attorney General
    State of California Department of Justice
    300 South Spring Street, Suite 1702
    Los Angeles, CA 90013

        f.      Designated Representatives of the Parties:

              (1)    For Plaintiff:

                    Laurence Hallier

                    Retail Digital Network

                    383 5th Ave.2nd Fl.

                    New York, New York 10016

3.     The parties recognize that some of Confidential Information may involve confidential business information that should not be seen by another party, and such documents and information may be classified and designated as "Attorney's Eyes Only Information" as defined under section 1(b) of this Stipulated Protective Order. The provisions under section 2 of this Stipulated Order, applicable to Confidential Information, shall apply to Attorney's Eyes Only Information with the exception that access to "Attorney's Eyes Only Information" shall not be given to the designated representatives of the parities identified in section 2(g).

4.     In connection with the production of documents by any party hereto or any third party, Confidential Information or Attorney's Eyes Only Information shall be indicated by designating each page of a document in which such Confidential Information or Attorney's Eyes Only Information is contained. Such designation shall be made prior to the transmission of a physical copy of such document to the party requesting such document. The Confidential Information or Attorney's Eyes Only Information shall be designated, in bold font of a size and weight comparable to that shown below, as follows:

                "**CONFIDENTIAL INFORMATION**" or
                "**ATTORNEY'S EYES ONLY INFORMATION**"

This designation shall be applied in a conspicuous manner, preferably by rubber stamp, at a document's outermost edge.

5. In connection with the responses to Interrogatories and responses to Requests for Admissions containing Confidential Information or Attorney's Eyes Only Information, the title page of the document containing the responses shall be marked, as specified in section 4, above:

"CONFIDENTIAL INFORMATION" or
"ATTORNEY'S EYES ONLY INFORMATION"
PROTECTED BY COURT ORDER

Further, the specific responses containing Confidential Information or Attorney's Eyes Only Information shall be clearly identified prior to the transmission of the responses to the requesting party.

6. In connection with the taking of any deposition in this action:

Attending party's counsel or any third parties' counsel may designate on the record at the deposition that any information disclosed at the deposition, including both testimony and exhibits, is Confidential Information or Attorney's Eyes Only Information. The entire original transcript of a deposition which contains Confidential Information or Attorney's Eyes Only Information shall be securely sealed in an envelope by the officer reporting such deposition, and such securely sealed envelope shall be delivered to the attorneys of the party or person who was deposed. The officer reporting the deposition shall mark the envelope in which the deposition transcript containing Confidential Information or Attorney's Eyes Only Information as follows:

"CONFIDENTIAL INFORMATION" or
"ATTORNEY'S EYES ONLY INFORMATION"
PROTECTED BY COURT ORDER

The information and data contained in this envelope is protected against any use, disclosure, display or revelation thereof by an Order of the Court. This envelope

may not be opened for any purpose whatsoever except by a subsequent Order from the Court.

Said officer shall provide copies of the deposition transcript only to attorneys of the parties and the attorney of the witness.

7. The transcripts of Depositions, Exhibits, Answers to Interrogatories, or any pleading, motion, brief, appendix or other documents and materials containing, or comprised of Confidential Information or Attorney's Eyes Only Information. The parties shall have the right to use records and information produced by the Plaintiff in all law and motion proceedings. However, the parties agree that any records or information designated as "Confidential" will be filed in the manner prescribed by Local Rule 79-5 pending the Court's determination of any application for sealing;

8. The parties shall have the right to use records produced by the Plaintiff in all preparations for trial. If a party wishes to disclose records deemed confidential to persons requested to furnish expert or litigation services, other than their counsel, then said person(s) shall execute a written declaration. Nothing herein shall prohibit the parties or counsel form disclosing a document or its contents which constitute or contains information deemed confidential to the person the document identifies as an author or addressee of such document;

9. The parties shall have the right to use records produced by the Plaintiff at trial in this action, including without limitation, in the examination of any witnesses, and in the presentation of all types of evidence, in the making and defending of trial motions, in trial briefs, and in argument;

10. The parties shall have the right to use records produced by the Plaintiff in any appellate proceedings, including without limitation, in trial briefs and in argument;

11. Any party to this action may at any time notify in writing the

1728-1001
6
PROTECTIVE ORDER RE TREATMENT OF CONFIDENTIAL INFORMATION

other parties to this action of its objection that a portion or all of the information designated as Confidential Information or Attorney's Eyes Only Information is not entitled to protection under the terms of this Order. Such notice may also be provided upon the record of a Deposition. The written notice shall contain a particularized description of the documents or information that the party is objecting to and state the grounds for the objection. The parties shall attempt, in good faith, to resolve any disputes concerning Confidential Information or Attorney's Eyes Only Information, by informal negotiation. If such negotiation fails to resolve the dispute, the party seeking to assert the claim of Confidentiality shall have the burden of moving the Court for an order following the failure of such negotiations. The information shall remain Confidential until the Court has ruled upon the motion or the parties have agreed otherwise. Any Order requiring disclosure shall be drawn as narrowly as possible to protect the interests of all parties concerned.

12. When a party to this action designates the testimony (including proposed testimony) of a person being deposed pursuant to Rules 30 or 31 of the Federal Rules of Civil Procedure as Confidential Information, and objection is made to such designation, such testimony shall not be withheld solely because such objection has been made to the Confidential Information designation.

13. If the attorneys for the parties seek to disclose Confidential Information or Attorney's Eyes Only Information to persons, in addition to those authorized persons identified, pursuant to sections 2 and 3 respectively, the following procedures shall be employed:

(a) Subject to subparagraph (c), below, each such person shall be nominated for disclosure of Confidential Information or Attorney's Eyes Only Information as follows: such nominee shall be particularly identified by notice in writing to the attorneys of all parties who may be subject to the provisions of this Order. Notice is to be given orally to counsel for the party which has produced or

provided the Confidential Information or Attorney's Eyes Only Information and confirmed in writing. Such notice shall be given not less than twenty (20) days in advance of making the first such disclosure of Confidential Information or Attorney's Eyes Only Information to the proposed nominee. If objection is raised by any party within the term of this section, the party seeking to nominate must move the Court for an Order that such disclosure may be made to said nominee, or be made under certain conditions. If such motion is made, there shall be no disclosure until the Court has ruled upon the motion.

(b) After the provisions of paragraph (a) above are met, each such nominee to whom such disclosure is to be made shall first be served with a copy of this Stipulation and Order, and shall execute a declaration in writing, in a form agreed to by the parties, by which he acknowledges said service and agrees to abide in all respects with the terms of this Order. A copy of the declaration shall be filed and served upon the attorneys for all other parties who may be subject to the provisions of this Order before any such disclosure is made to any nominee.

14. Any part or parts of this Protective Order may be terminated at any time by written stipulation by the parties, or by Order of this Court for good cause shown; however, any Confidential Information or Attorney's Eyes Only Information previously designated as such under the terms of this Order shall remain confidential and subject to the terms of this Order.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments to this Order which broaden or restrict the rights of access to and use of Confidential Information.

16. This Stipulation and Order shall not be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

17. Nothing in this agreement shall be construed to: (a) prevent

any party or its respective counsel from lawfully making use of information which was lawfully in its prior possession; (b) apply to information which has become publicly known through some means other than a party's violation of this Order; or (c) apply to information which any party or its counsel has lawfully obtained or shall hereafter lawfully obtain from a third party having the right to disclose such information.

18. Upon final termination of this action, including all appeals, each party shall destroy, within ninety (90) days, all documents and things designated CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION under this stipulation, including all copies, notes, renderings, compilations, recordings, lists, and microfilms. Each party shall submit to the other party a written statement representing that such destruction has occurred. Such statement shall also be accompanied by a copy of each executed Acknowledgment Under Protective Order and a representation that such Acknowledgers have likewise destroyed all such Confidential Information or Attorney's Eyes Only Information. Notwithstanding the above, counsel of record for each party may retain one copy of each document, pleading or deposition designated CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION for reference in the event of a dispute over the use or dissemination of the information or for reference in a dispute between counsel of record and his client.

19. The parties and any signatory to this Order agree to submit to the jurisdiction of the United States District Court for the Central District of California in connection with the enforcement of this Stipulation and Protective Order.

20. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

21.     This Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

22.     Nothing in this order is intended to compromise defendant's ability to use or retain copies of any information obtained in this litigation in enforcing the applicable ABC regulations.

Dated: September 17, 2012

_____
CONSUELO B. MARSHALL
United States District Judge

THE TAILLIEU LAW FIRM                 Dated:  July _____, 2012

By_____
   OLIVIER TAILLIEU
   Attorneys for Plaintiff
   Retail Digital Network

KAMALA D. HARRIS                      Dated:  July _____, 2012
Attorney General of California
JERALD MOSLEY
Supervising Deputy Attorney General

By_____
   GABRIELLE H. BRUMBACH
   Deputy Attorney General
   Attorney for Defendant Jacob
   Applesmith, as Director of the
   California Department of Alcoholic
   Beverage Control